# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 8, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RONNIE COMBS,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0626**  (BOR Appeal No. 2051109)
(Claim No. 2014022721)

**ENERFAB,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Ronnie Combs, by John H. Skaggs, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Enerfab, by Maureen Kowalski, its attorney, filed a timely response.

This issue on appeal is whether Mr. Combs is entitled to medical treatment. On July 1, 2015, the claims administrator denied a request for medical treatment with Challie Minton, M.D., or any other medical provider. The Office of Judges affirmed the decision in its February 9, 2016, Order. The Order was affirmed by the Board of Review on June 3, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Combs, an electrician, was injured on December 19, 2013, when he was on a ladder cutting cables off of a pole and fell to the ground after cutting the last cable. The claims administrator denied compensability of the claim on April 9, 2014. The Office of Judges reversed the claims administrator's decision on March 11, 2015, and held the claim compensable for injuries to the left elbow, left shoulder, and low back.[1] After entering decisions holding the claim compensable and closing the claim for permanent partial disability benefits on March 25, 2015, the claims administrator entered a decision on July 1, 2015, denying authorization for

---

[1] The March 11, 2015, Order of the Office of Judges was not appealed.

1

treatment with Dr. Minton, or any other doctors. This is the decision at issue in the instant appeal.

Mr. Combs treated with Dr. Minton for the first time on April 23, 2015. Mr. Combs complained of intermittent bilateral tinnitus and chronic neck pain due to a fall at work in December of 2013. Mr. Combs came to Dr. Minton seeking a referral to an orthopedist for a workers compensation claim for his neck. Dr. Minton noted Mr. Combs had full range of motion, was moving his neck without difficulty, and appeared to be in no pain. Dr. Minton diagnosed neck pain, referred Mr. Combs to an orthopedist, and provided him a handout on arthritis.

Mr. Combs testified via deposition on September 28, 2015. He stated his worst pain was in his shoulder, neck, and in between his shoulder blades. He wanted his neck and middle back to be included as compensable conditions. He wanted Dr. Minton's treatment to be authorized so he could receive treatment for his head, left shoulder, neck, middle back, and low back. He acknowledged that the cervical spine was not a compensable condition in the claim.

Prior to seeking treatment with Dr. Minton on April 23, 2015, Mr. Combs's medical treatment included visits with a chiropractor, a cervical spine MRI, and a lumbar spine MRI.[2] Mr. Combs also had independent medical evaluations performed by Paul Bachwitt, M.D., and Bruce Guberman, M.D. Neither Dr. Bachwitt nor Dr. Guberman diagnosed a cervical spine condition as the result of the December 19, 2013, work injury.

The Office of Judges affirmed the claims administrator's July 1, 2015, decision denying authorization for treatment with Dr. Minton or any other doctors on February 9, 2016. It found the claims administrator's decision was defective because it failed to list grounds for the denial of the treatment. However, the Office of Judges then found the decision had to be affirmed because there was no record of Mr. Combs having requested any treatment. The Office of Judges also determined that Mr. Combs had submitted evidence that he had been seen by doctors and had MRI's taken of his cervical spine and thoracic spine following the December 19, 2013, injury. Yet, Mr. Combs failed to submit evidence showing he needed medical treatment for a compensable condition connected to the injury. Additionally, there was no evidence that a doctor requested treatment for one of the compensable conditions, which were left elbow, left shoulder, and low back.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on June 3, 2016. After review, we agree with the Board of Review. Although compensability of the claim was originally denied, when Mr. Combs treated with Dr. Minton for the first time on April 23, 2015, Dr. Minton noted he was being treated for complaints of bilateral tinnitus and chronic neck pain. Dr. Minton also noted Mr. Combs was seeking a referral to an orthopedist for a workers' compensation claim for his neck. The cervical spine is not a compensable condition. The medical records do not show that Dr. Minton was

---

[2] It is unclear from the record whether the chiropractic visits and MRIs were submitted to, authorized and/or paid for by the claims administrator.

treating Mr. Combs for a compensable diagnosis. Therefore, the claims administrator properly determined that treatment with Dr. Minton should not be authorized.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 8, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING**:
Justice Menis E. Ketchum